■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT HARRIS, Appellant. [696 NYS2d 8] —Judgment, Supreme Court, New York County (Ira Beal, J.), rendered January 5, 1998, convicting defendant, after a jury trial, of three counts of criminal sale of a controlled substance in the third degree and one count of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years, unanimously affirmed.

The court's *Sandoval* ruling, permitting inquiry into whether defendant had a prior drug conviction and a prior attempted robbery conviction while precluding inquiry into the underlying facts of the convictions, was a proper exercise of discretion (*see, People v Walker*, 83 NY2d 455, 459).

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There was ample evidence from which the jury could infer defendant's guilt as an accomplice on one of the criminal sale counts and the criminal possession count, including the officers' testimony that after conducting sales with two separate individuals, defendant handed an object to a codefendant, who proceeded to conduct a sale with a third individual, and that when the buyers and codefendant were subsequently arrested, glassines of heroin bearing the same brand name were recovered from each person.

Defendant's single general objection during the prosecutor's summation was insufficient to preserve his claims of prosecutorial misconduct during summation and we decline to review them in the interest of justice. Were we to review them, we would find that the challenged portions of the prosecutor's summation were fair comments on the evidence adduced at trial and called upon the jury to draw appropriate inferences from that evidence. Concur—Rubin, J. P., Andrias, Saxe, Buckley and Friedman, JJ.